IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA L. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY DEMAND |
| | ) | |
| CUMBERLAND MEDICAL CENTER, INC. | ) | NO. _____ |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

### The Parties

1.  Plaintiff Patricia L. Clark ("Plaintiff") is a citizen and resident of the State of Tennessee. She resides in Monterrey, Tennessee.

2.  Defendant Cumberland Medical Center, Inc. ("Defendant") is a not-for-profit corporation organized under the laws of the State of Tennessee. Its agent for service of process is Barry S. Wagner, 421 South Main Street, Crossville, TN 38555-5031.

### Jurisdiction and Venue

3.  This is an action for damages for unlawful employment practices brought under the Family and Medical Leave Act of 1993, codified at 29 U.S.C. § 2601 *et seq.* ("FMLA").

4.  The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

5.  Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391, since the facts which give rise to the cause of action occurred in Crossville and Cumberland County, Tennessee.

1

## Facts

6.     Plaintiff was hired on or about February 5, 2007.

7.     Plaintiff is an FMLA "eligible employee" under the definition in 29 U.S.C. § 2611(2)(A).

8.     Defendant is an employer within the provisions of the FMLA codified at 29 U.S.C. § 2611(4)(A).

9.     At all times material to this action, Defendant was an enterprise engaged in commerce as defined by 29 U.S.C. § 2611(1).

10.     Defendant is bound by the rules and regulations of the FMLA codified at 29 U.S.C. § 2601 *et seq.*

11.     Defendant had a "no-fault" attendance policy which it implemented as a part of its overall business structure for its employees.

12.     As a result of Defendant's "no-fault" attendance policy, Plaintiff was terminated on June 28, 2010. Attached and marked **Exhibit A** is a copy of Defendant's "Report of Conference - Violation of Attendance/Tardy Policy.

13.     Plaintiff was issued a write-up for being absent on or about July 29, 2009, when she called in for being "sick."

14.     Plaintiff was issued a second write-up for being absent on or about December 20, 2009, when she was unable to come to work due to her mother falling, fracturing a hip and being transported to an out-of-town hospital.

15.     Plaintiff was issued a third write-up for being absent on or about December 21, 2009, when she again was unable to work due to the injury to her mother and being transported to the hospital.

16.     Plaintiff was issued a fourth write-up for being absent on or about January 30, 2010 due

2

to inclement weather.

17. Plaintiff was issued a fifth write-up for being absent from work on or about February 16, 2010.

18. Plaintiff was issued a sixth write-up for being absent from work on or about May 27, 2010, when she was unable to work due to her daughter being transported to a hospital due to a serous health condition, which included a substance abuse problem, where Plaintiff's daughter was unable to care for herself due to the physical and/or mental disability.

19. Plaintiff was issued a seventh write-up for being absent from work on or about June 27, 2010.

20. Plaintiff contends the write-up issued for June 27, 2010 was improper since she was not scheduled by the Defendant to work on that date.

21. Defendant's "no-fault" attendance policy indicates that employees will be terminated when they have accumulated seven (7) absences within a twelve (12) month period.

22. The FMLA prohibits an employer from counting FMLA leave against an employee under its "no-fault" attendance policy.

23. Defendant's counting of Plaintiff's second absence dated December 20, 2009 for the hip fracture and injury to Plaintiff's mother was improper under the FMLA.

24. Defendant's counting of Plaintiff's third absence dated December 21, 2009 for the hip fracture, treatment and injury to Plaintiff's mother was improper under the FMLA.

25. Defendant's counting of Plaintiff's sixth absence dated May 27, 2010 for the hospitalization and substance abuse treatment for Plaintiff's daughter was improper under the FMLA.

26. Rebecca Foster was the Defendant's department head and supervisor who terminated

3

Plaintiff on June 28, 2010.

27. During a telephone conversation, Ms. Foster told the Plaintiff that she was "tired of this crap," referring to Plaintiff being absent from work.

28. Ms. Foster also stated to Plaintiff, "I'm just going to fire you. That way you can spend time with your daughter and take care of her."

## Cause of Action
## Count I - FMLA Interference Claim

29. By the actions alleged herein, Defendant violated provisions of 29 U.S.C. § 2615(a)(1) of the FMLA by interfering with, restraining and/or denying Plaintiff the exercise of or the attempt to exercise her rights under the FMLA.

30. As a result of Defendant's illegal conduct, Plaintiff has suffered damages.

31. Defendant is liable to the Plaintiff for compensatory damages, and other damages, as a proximate result of the termination and violation of Plaintiff's statutory rights under FMLA.

32. Defendant's actions were willful, and in violation of the FMLA.

## Plaintiff's Claim for Damages

33. Plaintiff has suffered emotional distress, pain and suffering, and other damages and expenses as a result of the foregoing acts of discrimination and retaliation with her rights as provided under the FMLA.

34. Plaintiff asks for judgment against the Defendant for compensatory damages for unlawful interference and wrongful termination under the FMLA, along with back pay, reinstatement and/or front pay, and the costs of this cause.

35. Plaintiff is entitled to recover against the Defendant reasonable attorney's fees.

36. Plaintiff requests such other general relief as the Court deems appropriate,

4

including any pre- or post-judgment interest.

37.     Plaintiff requests a jury to try the issues joined in this action.


                              THE LAW OFFICE OF DAVID L. COOPER, P.C

                              DAVID  L. COOPER, BPR # 11445

                              Third Avenue North Building
                              208 Third Avenue, North, Suite 300
                              Nashville, TN 37201
                              (615) 256-1008

                              *Attorney for Plaintiff*


5